Rory C. Quintana, SBN 258747
QUINTANA HANAFI
PUNGPRAKEARTI, LLP
351 California St., Ste. 300
San Francisco, CA 94104
(415) 504-3121 (Tel)
(415) 233-8770 (Fax)
rory@qhplaw.com

*Attorneys for Plaintiff Diane Woodruff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIANE WOODRUFF**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CISCO SYSTEMS, INC.,** a California corporation; **ELITE OFFICE STAFF, INC.**, a North Carolina corporation; and DOES 1-20, inclusive;<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY; VIOLATION OF FAMILY MEDICAL LEAVE ACT 29 U.S.C. §2615; VIOLATIONS OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T. CODE § 12940 *et seq.* FAILURE TO PAY WAGES FOR ALL HOURS WORKED; FAILURE TO PAY OVERTIME; FAILURE TO PAY WAGES UPON TERMINATION; FAILURE TO MAINTAIN AND PROVIDE ACCURATE WAGE STATEMENTS;**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF DIANE WOODRUFF (nee Schultz) (herein "Plaintiff" or "WOODRUFF"), for claims for relief against Defendants CISCO SYSTEMS, INC. (herein "CISCO"), ELITE OFFICE STAFF, INC.  (herein "ELITE") and Does 1-20 (herein collectively "Defendants") alleges:

///

- 1 -

COMPLAINT FOR DAMAGES

**NATURE OF THIS ACTION**

1.     This is an action for relief from Defendants' violations of the California Fair Employment and Housing Act (herein "the FEHA"), the Family Medical Leave Act (herein "the FMLA"), the California Labor Code, and for Defendants' wrongful termination of Plaintiff in violation of public policy.

2.     Plaintiff is an individual who was eligible for FMLA leave and had requested leave for her pregnancy to begin on July 29, 2016, pursuant to her rights under the FMLA.

3.     Plaintiff informed Defendant CISCO of her pregnancy on or about February 24, 2016 and Defendant ELITE on or about February 29, 2016.  On March 19, 2016, Plaintiff was given two weeks notice.  During her final two weeks, Plaintiff was required to train her replacement.

4.     Plaintiff was intentionally misclassified as an independent contractor for approximately the first seven months of her employment, during which time she was not properly paid for all hours worked, including without limitation, an overtime premium for hours worked over eight in a day or forty in a week. Defendants' failure to pay an overtime premium continued for several months after Plaintiff was properly classified as an employee.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

5.     The Court has jurisidction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

6.     Venue is proper in the Norhtern District of California purusant to 28 U.S.C. § 1391(b), because a substantial part of events giving rise to Plaintiff's claims occurred in this District.

7.     Pursuant to Northern District Local Rules 3-2 (c) & (e), this action should be assigned in San Jose, California as the actions giving rise to Plaintiff's claims took place in Santa Clara County.

COMPLAINT FOR DAMAGES

**PARTIES**

8.      Plaintiff is a U.S. Citizen and a California resident.

9.      Plaintiff is an adult female and is a person with a disability under the FEHA. Plaintiff had a record of disability within the definition of state disability and non-discrimination laws.  At the time of her termination, Plaintiff was pregnant with her first child.  Plaintiff is informed and believes, and thereon alleges, that at the time of her termination, Defendants knew that Plaintiff was disabled within the meaning of state disability nondiscrimination laws and that she was pregnant.

10.      At the time of her termination, Plaintiff was an otherwise qualified person within the meaning of the FEHA.  At all relevant times, Plaintiff was an employee as defined under California Government Code section 12926(c).

11.      Plaintiff began working for Defendants on or about January 7, 2015.

12.      Plaintiff worked for Defendants in excess of one year, and in excess of 1,250 hours in the year immediately prior to February 2016.

13.      On or about February 24, 2016, Plaintiff informed her supervisor, CISCO employee Phuong Nguyen, about her pregnancy and requested to take maternity leave beginning on or about July 29, 2016.

14.      On or about February 29, 2016, Plaintiff informed ELITE of her pregnancy and requested to take maternity leave beginning on or about July 29, 2016.

15.      Plaintiff is informed and believes and based thereon alleges that Defendant CISCO is a California corporation, with its principle headquarters at 170 W. Tasman Drive, San Jose, CA 95134.  At all relevant times, Defendant CISCO was an employer as defined under Government Code section 12926(d).

16.      Plaintiff is informed and believes and based thereon alleges that Defendant CISCO is an employer as defined by 29 C.F.R. § 825.104, as it is engaged in commerce or activity affecting commerce, and employs 50 or more employees.

17.      Plaintiff is informed and believes and based thereon alleges that Defendant ELITE is a North Carolina corporation, with its principle headquarters at P.O Box 329,

- 3 -

Morrisville, NC 27560.  At all relevant times, Defendant ELITE was an employer as defined under Government Code section 12926(d).

18.     Plaintiff is informed and believes and based thereon alleges that Defendant ELITE is an employer as defined by 29 C.F.R. § 825.104, as it is engaged in commerce or activity affecting commerce, and employs 50 or more employees.

19.     Defendant ELITE is a staffing agency that places employees at various businesses around the country, including California, for temporary and/or permanent assignments.  At all relevant times within the statutory period in this case, Plaintiff was contracted by ELITE to provide services to CISCO.

20.     Defendant CISCO is an international networking technology company.

21.     Defendants ELITE and CISCO each had the right to control Plaintiff's work, the right to terminate Plaintiff's employment and the right to discipline Plaintiff.

22.     Plaintiff was subject to the control of CISCO in the work she performed, when she performed it and how she performed it, as well as the rate of pay.  Plaintiff was provided the basis for her termination from CISCO.

23.     Plaintiff was subject to the control of ELITE in the work she performed, and the payment of wages.  Plaintiff was provided an alternative basis for her termination from ELITE.

24.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each Defendant authorized and ratified, aided and abetted, and acted in concert with and/or conspired with each and every other Defendant to commit the acts and to engage in the employment practices complained of herein.  Plaintiff is informed and believes and thereon alleges that each Defendant may be liable to Plaintiff under legal theories of (1) joint employer; (2) integrated enterprise; and/or (3) agency.

25.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 20, inclusive, are unknown to Plaintiff and therefore said defendants are sued under fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the

COMPLAINT FOR DAMAGES

damage to Plaintiff.  Plaintiff will seek leave of Court to amend this Complaint to state the true names and capacities of such fictitiously named defendants when the same have been ascertained.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26.     On June 2, 2016, Plaintiff properly notified the Department of Fair Employment and Housing of her intent to sue Defendants and received a "right-to-sue notice" prior to filing this complaint.  A true and correct copy of Plaintiff's "right-to-sue notice" is attached hereto as Exhibit A.

## FACTS RELATED TO WAGE AND HOUR CLAIMS

27.      Plaintiff began working for CISCO through ELITE, on or about January 7, 2015 as a program manager.  Plaintiff was paid at a rate of $30.00 per hour.

28.     At the outset of her employment Plaintiff was paid as an independent contractor by ELITE.  Beginning with the July 31, 2015 pay period, Defendants began paying Plaintiff as an exempt employee.

29.     Plaintiff was misclassified as an exempt salaried employee employed by Defendants.  Plaintiff was employed as support to sales partners.

30.     After being properly classified as an employee, all of Plaintiff's compensation was based on a salary.

31.     At all relevant times Plaintiff has only been paid for 80 hours of work per pay period.

32.     On at least one occasion Plaintiff worked over eight hours in a day.

33.     On at least one occasion Plaintiff worked over forty hours in a week.

34.     Plaintiff worked approximately five (5) hours of overtime per week for approximately the first seven (7) to eight (8) months of her employment.

35.     Defendants never paid Plaintiff an overtime premium for hours worked over eight in a day.

- 5 -

COMPLAINT FOR DAMAGES

36.     Defendants never paid Plaintiff an overtime premium for hours worked over forty in a week.

## FACTS RELATED TO ALL OTHER CLAIMS

37.     During the relevant period Plaintiff was directly supervised by CISCO employee Phuong Nguyen (herein "Nguyen").

38.     On or about February 24, 2016, Plaintiff informed Mr. Nguyen that she was pregnant, and stated her request to take maternity leave pursuant to the FMLA beginning on or about July 29, 2016.

39.     On or about February 29, 2016, Plaintiff informed Defendant ELITE that she was pregnant and stated her request to take maternity leave pursuant to the FMLA beginning on or about July 29, 2016.

40.     On or about March 10, 2016, Plaintiff announced her pregnancy and her request to take maternity leave to Justin Buchanan, Mr. Nguyen's supervisor at CISCO.

41.     On or about Saturday, March 19, 2016, Plaintiff received a termination letter from ELITE via email.  The email stated that Plaintiff's employment was being terminated due to lack of business growth and budgetary challenges.  The termination email expressly stated that Plaintiff's performance was not a factor in her termination and that Plaintiff's last day would be April 1, 2016.

42.     On or about March 21, 2016, Plaintiff was introduced to new employee, Inga Vaysman (herein "Vaysman").  Plaintiff was instructed to train Ms. Vaysman and provide an overview of Plaintiff's projects.

43.     On or about March 22, 2016, Allen Bolding, a senior manager at CISCO approached Plaintiff and stated that he had heard Plaintiff was leaving because of her "situation," while pointing to Plaintiff's abdomen.  Mr. Bolding then congratulated Plaintiff on her pregnancy and discussed the joys of parenting with Plaintiff.

44.     On or about March 22, 2016, Plaintiff met with Mr. Nguyen to discuss her termination.  During the meeting with Mr. Nguyen he stated that ELITE had advised him not to

COMPLAINT FOR DAMAGES

mention her termination directly and that they would handle the termination.  Mr. Nguyen also stated that Plaintiff was being terminated for not "pushing the partners hard enough."

45.     Between March 25, 2016 and March 30, 2016, Plaintiff was required to work with Ms. Vaysman who had been provided a list of all Plaintiff's projects by Mr. Nguyen.  Ms. Vaysman stated that she needed to be updated on each project since she would be taking over Plaintiff's role.

46.     Plaintiff's last day of employment was March 30, 2016.

**FIRST CAUSE OF ACTION**
**Wrongful Discharge in Violation of Public Policy**
**Plaintiff against all Defendants**

47.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

48.     It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's gender.

49.      It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's disability.

50.     It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's pregnancy.

51.     It s the policty of the United States to prevent employers from interfering with an employee's rights under the FMLA.

52.     It is the policy of the United States to prevent employers from discriminating and retaliating against an employee for taking leave pursuant to the FMLA.

53.     Plaintiff's gender, pregnancy, and/or pregnancy leave request was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

54.     As a proximate result of Defendant's actions, described in the general allegations, Plaintiff has suffered the loss of wages/salary, benefits and additional amounts of money Plaintiff would have received had she not been discriminated against, which actions resulted in her unlawful termination.

COMPLAINT FOR DAMAGES

55.     As a further proximate result of Defendant's actions, Plaintiff has been harmed in that Plaintiff has suffered mental anguish and emotional distress in an amount to be established at trial.

56.     Plaintiff further alleges that Defendants, and each of them, acted with fraud, oppression, and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

57.     Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

**SECOND CAUSE OF ACTION**
**Termination in Violation of Cal. Gov't Code §§ 12940, 12945**
**Plaintiff against all Defendants**

58.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

59.     At all times reelvant to this Complaint, Government Code §§ 12940, 12945 and the corresponding California Code of Regulations were in full force and effect and binding on Defendants.  These sections, inter alia, require Defendants to refrain from discriminating or retaliating against employees on the basis of gender including pregnancy.

60.     Plaintiff's gender and/or pregnancy, were motivating factors in Defendants' decision to terminate Plaintiff's employment.

61.     As a proximate result of Defendants' actions, described in the general allegations, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had she not been discriminated against, which actions resulted in her unlawful termination.

62.     As a further proximate result of Defendants' actions, Plaintiff has been harmed in that Plaintiff has suffered mental anguish and emotional distress in an amount to be established at trial.

COMPLAINT FOR DAMAGES

63.     Plaintiff further alleges that Defendants and each of them, acted with fraud, oppression and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

64.     Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

### THIRD CAUSE OF ACTION
**Retaliation in Violation of Public Policy**
**(Cal. Gov't. Code §§ 12940, 12945, 12945.2)**
**Plaintiff against all Defendants**

65.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

66.     At all times relevant to this Complaint, California Government Code §§ 12940, 12945, 12945.2 and the corresponding Code of California Regulations were in full force and effect and were binding on Defendants.  These sections, inter alia, require Defendants to refrain from retaliating against and/or interfering with female employees who exercise their right to take pregnancy leave.

67.     Plaintff exercised her right to pregnancy leave pursuant to the laws of the State of California.  In retaliation for requesting leave, Defendants terminated Plaintiff's employment.

68.     As a proximate result of Defendants' actions, described in the general allegations, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had she not been retaliated against, which actions resulted in her unlawful termination.

69.     As a further proximate result of Defendants' actions, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional distress in an amount to be established at trial.

70.     Plaintiff further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling Plaintiff to recovery punitive damages sufficient to punish and make an example of the Defendants and each of them.

71.     Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## FOURTH CAUSE OF ACTION
### Interference with FMLA Rights
### (29 U.S.C. §§2601-2619; 29 U.S.C. §§2651-2654)
### Plaintiff against all Defendants

72.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

73.     The FMLA, 29 U.S.C. §§ 2601-2619 and 29 U.S.C. §§ 2651-2654, provides unpaid job-protected leave for eligible employees for numerous reasons, including for pregnancy and the birth of a child.

74.     29 U.S.C. § 2615(a), makes it unlawful for an employer to interfere with, restrain, or deny the exerice of or the attempt to exercise FMLA rights.

75.     Pursuant to her rights under the FMLA, on or about February 24, 2016, Plaintiff requested leave pursuant to the FMLA to begin on July 29, 2016.

76.     Following her request for leave, Plaintiff's employment was terminated and she was required to train her replacement during the final two weeks of her employment.

77.     Defendants' actions in terminating Plaintiff's employment less than three weeks after she announced her pregnancy and requested leave, constitute unlawful interference with Plaintiff's rights under the FMLA.

78.     By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute this action.  Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

79.     As a result of Defendants' violations of the FMLA, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damanges.

80.     In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay, liquidated damages, compensatory damages, pre and post judgment interest and all other relief available under the statutes.

1

**FIFTH CAUSE OF ACTION**
**Discrimination in Violation of FMLA**
**(29 U.S.C. §§2601-2619; 29 U.S.C. §§ 2651-2654)**
**Plaintiff against all Defendants**

2

3

4       81.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if

5   they were seet forth here in full.

6       82.     29 U.S.C. § 2615(a)(2) makes it unlawful for an employer to discharge or in any

7   other manner discriminate against any individual for taking FMLA leave.

8       83.     Plaintiff was terminated within weeks of announcing her pregnancy and

9   requesting leave pursuant to the FMLA.

10      84.     By reason of the conduct of Defendants, Plaintiff has necessarily retained

11  attorneys to prosecute this action.  Plaintiff is therefore entitled to reasonable attorneys' fees and

12  litigation expenses, including expert witness fees and costs, incurred in bringing this action.

13      85.     As a result of Defendants' violations of the FMLA, Plaintiff has suffered past and

14  present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life,

15  loss of job idenity, and other damages.

16      86.     In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay,

17  liquidated damages, compensatory and punitive damages, pre and post judgment interest, and all

18  other relief available under the statutes.

19

**SIXTH CAUSE OF ACTION**
**Failure to pay Overtime**
**(Cal. Labor Code §§ 510, 1194)**
**Plaintiff against all Defendants**

20

21

22

23      87.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if

24  they were set forth here in full.

25      88.     On numerous occassions throughout Plaintiff's employment, Defendants engaged,

26  suffered, or permitted Plaintiff to work in excess of eight (8) hours in a single 24 hour period and

27  in excess of forty hours in a workweek.

28

COMPLAINT FOR DAMAGES

89.     Specifically, for the first eight months of her employment, Plaintiff worked approximately five (5) hours of overtime per week.

90.     To date, Defendants have failed to pay Plaintiff overtime premiums for every hour of overtime that Defendant engaged, suffered or permitted Plaintiff to work.

91.     As a legal result of the aforementioned violations, Plaintiff suffered harm. Pursuant to Labor Code section 1194, Plaintiff is entitled to recover from Defendant the unpaid overtime premium, including interest thereon, costs of suit, and reasonable attorneys' fees, all in the amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**Failure to Pay Wages Upon Termination**
**(Cal. Labor Code §§ 201, 203)**
**Plaintiff against all Defendants**

92.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

93.     Labor Code section 203 requires employers to pay all wages earned and unpaid immediately upon an employee's termination.

94.     Defendants failed to pay Plaintiff all unpaid overtime wages upon her termination, effective March 30, 2016 or thereafter.

95.     Defendants willfully failed to pay Plaintiff her wages within the time prescribed by law and therefore Plaintiff is entitled to waiting time penalties pursuant to Labor Code section 203 equal to a day's wage for each day she was required to wait for her wages, up to thirty days.

**EIGHTH CAUSE OF ACTION**
**Failure to Maintain and Provide Accurate Earnings Statements**
**(Cal. Labor Code § 226)**
**Plaintiff against all Defendants**

96.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

97.     At all relevant times herein, Defendants were required to record, maintain, and provide all information listed in Labor Code section 226, including an accurate reflection of the number of hours Plaintiff worked each pay period, and her hourly rate for those hours.

COMPLAINT FOR DAMAGES

98.     Defendants knowingly and intentionally failed to accurately maintain the records the Labor Code requires Defendant to maintain, including but not limited to, failing to accurately maintain a record of the total daily hours worked by Plaintiff in violation of Labor Code section 1174(d).

99.     Defendants failed to provide all information required by Labor Code section 226 to Plaintiff.

100.    Plaintff suffered injury because of Defendants failure in that Plaintiff held and holds insufficient information to accurately monitor the number of hours worked and challenge any payments received.

101.    Pursuant to Labor Code section 226(e), Plaintiff is entitled to statutory penalties equal to $50.00 per pay period for the first violation of Labor Code section 226(a), and $100.00 per pay period for each violation thereafter for the statutory period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this court:

1. Order Defendants to pay Plaintiff for the wages, salary, employment benefits, pension benefits, and other compensation denied or lost to Plaintiff by reason of Defendants' violations of the law, in an amount to be proven at trial;

2. Order Defendants to pay Plaintiff compensatory damages for Plaintiff's emotional pain and suffering;

3. Order Defendants to pay Plaintiff exemplary damages;

4. Order Defendants to pay Plaintiff liquidated damages;

5. Order Defendants to pay Plaintiff unpaid overtime wages;

6. Order Defendants to pay Plaintiff statutory penalties;

7. Order Defendants to pay Plaintiff's reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

COMPLAINT FOR DAMAGES

8. Order Defendants to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

9. Grant such other and further relief as this court may deem proper and just.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: June 24, 2016                Respectfully submitted,

                                    QHP, LLP

                                    _____

                                    Rory C. Quintana
                                    Attorneys for Plaintiff
                                    Diane Woodruff

- 14 -

COMPLAINT FOR DAMAGES